COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


LENA D. CLAY
                                          MEMORANDUM OPINION*
v.    Record No. 2995-01-3                     PER CURIAM
                                             MARCH 12, 2002
TULTEX CORPORATION AND
 UNDERWRITERS SAFETY & CLAIMS, INC.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Rhonda L. Overstreet; Lumsden, Overstreet &
                Hansen, on brief), for appellant.

                (James A. L. Daniel; Elizabeth B. Carroll;
                Daniel, Vaughan, Medley & Smitherman, P.C.,
                on brief), for appellees.


     Lena D. Clay (claimant) contends the Workers' Compensation

Commission erred in finding that she failed to prove she

sustained a change-in-condition.  Consequently, the one-year

statute of limitations contained in Code § 65.2-501 applied to

bar the commission from considering her claims filed on January

21, June 7, and December 15, 2000, requesting temporary partial

disability benefits from November 27, 1999 through May 14, 2000.

Upon reviewing the record and the parties' briefs, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The commission ruled that the evidence established that claimant's condition both before and after her permanency award remained the same. Therefore, the limitation period contained in Code § 65.2-501 applied to bar her claims for additional disability benefits, which were not filed within one year of September 17, 1998. In so ruling, the commission found as follows:

> We recognize that following the doctor's award of permanency, the claimant was diagnosed with plantar fascitis, and later accepted for a time a lower-paying job that required less walking. However, the record does not suggest that these problems were caused by any "change in condition" such that the two-year statute of Code § 65.2-708 would apply. Although the claimant and her husband testified that it was their understanding that Dr. Wagner causally related her plantar fascitis to her compensable knee problems, this testimony is contradicted by the doctor's treatment notes and his clear deposition testimony to the contrary. Indeed, despite their testimony, Dr. Wagner's notes do not refer to any knee examination on that date, and he testified that he did not examine her for her compensable injuries. Thus, from [sic] there is absolutely no medical evidence suggesting that [the claimant] suffered any change in [her] compensable condition within

- 2 -

one year from the last date for which compensation was paid.

Further, Dr. Wagner clearly opined that the claimant has not, at any point, suffered a post-permanency change in her compensable condition or her permanent impairment rating. The record establishes that the claimant's knee symptoms have waxed and waned both before and after the doctor issued his permanency opinion. Her symptoms appeared to correspond with the level of her work exertion. The doctor testified that he has consistently suggested - - both before and after his permanency opinion - - that the claimant find employment that required less walking, because it would be medically beneficial to her knee. The claimant's testimony and the doctor's notes corroborate that assertion. However, Dr. Wagner also clearly testified that he never placed medical limitations on her ability to walk, and never suggested that she discontinue her pre-permanency work for the employer. This standing recommendation existed before the permanency award was issued.

The commission's findings are supported by credible evidence, including Dr. Wagner's medical records, opinions, and deposition testimony. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission was entitled to accept Dr. Wagner's testimony and to reject claimant's testimony to the contrary. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."

<u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Because the commission's findings are supported by credible evidence, we will not disturb them on appeal.  Accordingly, we affirm the commission's decision holding that the one-year statute of limitations contained in Code § 65.2-501 applied and, therefore, claimant failed to timely file her claim.

<u>Affirmed.</u>